703 P.2d 552

**STATE of Arizona, Respondent,**

v.

**Charles Ryneld SHEDD, Petitioner.**

**No. 1 CA–CR 7494–PR.**

Court of Appeals of Arizona, Division 1, Department A.

May 14, 1985.

Reconsideration Denied July 5, 1985.

6

Thomas E. Collins, Maricopa County Atty. by Hugo Zettler, Deputy County Atty., Phoenix, for respondent.

Babbitt & Norgren by Robert B. Norgren, Tempe, for petitioner.

Charles Ryneld Shedd, in pro. per.

## OPINION

GRANT, Judge.

This is a petition for review from the denial of post-conviction relief by the trial court. In his *pro se* petition for post-conviction relief filed on March 16, 1983, petitioner, with citations to the trial record,

argued that he had been denied effective assistance of counsel. He set forth, apparently in support of his argument, several instances of conduct by his counsel during the course of the trial and sentencing to demonstrate that he was denied the right to representation by a competent attorney. Petitioner apparently argued that counsel's failure to object at various times in the trial deprived him of effective assistance. The instances referred to included: the prosecutor's closing argument; the instruction on kidnapping; the same jury tried the prior convictions that had previously found petitioner guilty; and, that counsel had not objected to petitioner's sentencing *in absentia.*

In the supplemental petition filed by appointed counsel, petitioner argued that part of the prosecutor's closing argument was a comment on the petitioner's right to remain silent. Although counsel noted that the propriety of the prosecutor's closing argument had been raised on appeal, he, nevertheless, argued that counsel's failure to object to the argument constituted fundamental error and denied petitioner effective assistance of counsel. He also argued that it was absolutely necessary that petitioner should have taken the stand to testify in his own behalf at trial. He argued that he wanted to take the witness stand but was denied that right by his attorney.

The trial judge stayed the petition for post-conviction relief pending receipt of the appellate court decision in petitioner's case. (*See State v. Shedd,* 1 CA–CR 5781, June 7, 1983, Memorandum Decision.) On June 16, 1983, the trial judge ruled that the court of appeals had considered and decided the first issue raised in appellant's supplemental petition and denied relief on that ground. The trial judge also noted that the court of appeals had decided the issue of sentencing petitioner *in absentia.* Finally, the judge ruled that an evidentiary hearing would be conducted to determine whether petitioner was deprived of the right to testify by his trial attorney.

After the evidentiary hearing, at which petitioner and his trial counsel testified, the trial judge found that defense counsel had strongly advised petitioner not to take the witness stand but left the ultimate decision to his client. The judge then ruled that the petition for post-conviction relief on the basis of ineffective assistance of counsel was denied. The motion for rehearing was also denied on September 27, 1983.

The motion for rehearing was presented by petitioner *pro se.* The petitioner filed the motion *pro se* after being informed by his trial counsel on August 17, 1983 that he had been appointed for the purposes of the petition for post-conviction relief "and not for any further proceedings." Counsel then went on to state:

> You will therefore either have to have new counsel appointed to proceed further or handle it yourself.

*Id.* Petitioner filed counsel's letter as an exhibit to his motion for rehearing. This document was filed on September 6, 1983.

The motion for rehearing filed by petitioner *pro se* demonstrated his knowledge of the requirement for timely filing a motion for rehearing. He noted that he had not heard from counsel or the court regarding the ruling on his petition, then claimed that because he did not know the status of the proceedings, he wished to file a timely motion for rehearing. Finally, in his reply to the state's response to the motion for rehearing, petitioner argued that his privately appointed counsel in the petition for post-conviction relief had: only argued some of the grounds presented; had not provided him with any transcripts to assist him in arguing his motion for rehearing; and that the "full" petition was not ruled upon.

We reject petitioner's claims and find no abuse of discretion by the trial judge in this case. Furthermore, the record reflects that petitioner's counsel, who represented him on the petition for post-conviction relief, declined to file further discretionary motions and instructed him to file his own motion for rehearing and to conduct further proceedings on his own or to attempt to obtain new appointed counsel.

■ Although, petitioner argues that the trial judge did not rule on his "full petition", it is clear from a review of this record that the trial judge conducted an evidentiary hearing on the only "colorable" claim raised. Petitioner's objection regarding the ineffectiveness of trial counsel was based on counsel's lack of objections to: closing arguments; instructions; trial by jury on the prior convictions; and sentencing *in absentia*. These issues did not require an evidentiary hearing. The trial judge determined, correctly, that the issue of the propriety of the closing arguments was decided on direct appeal. Furthermore, the decision in *State v. Fettis*, 136 Ariz. 58, 664 P.2d 208 (1983), brought to the attention of the trial judge by petitioner's counsel, was relied upon by the court of appeals in remanding petitioner's case for resentencing. The kidnapping instruction to which petitioner argues trial counsel should have objected was a correct statement of the law and, therefore, counsel was under no obligation to object. Furthermore, we find no error in trial counsel's failure to object to a trial procedure, on the issue of prior convictions, which was permitted by statute. A.R.S. § 13–604; Rule 19.1(b), Arizona Rules of Criminal Procedure; *State v. Crumley*, 128 Ariz. 302, 306, 625 P.2d 891, 895 (1981). Finally, the trial judge's determination that petitioner had failed to sustain his burden of proving that counsel had denied him his right to testify was supported by the evidence. Where the evidence is sufficient to support the trial judge's finding, it will not be reversed on review. *State v. Byers*, 126 Ariz. 139, 613 P.2d 299 (App.1980). Clearly, the trial judge recognized that the claim made by petitioner regarding the alleged denial of the right to testify set forth a "colorable" claim of ineffective assistance. *State v. Lee*, 142 Ariz. 210, 689 P.2d 153 (1984).

■ Petitioner's claim that he was denied assistance of counsel in the motion for rehearing or on the petition for review is without merit. There is no right to counsel to pursue discretionary state appeals or applications for review. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982), *cf. State v. Shattuck*, 140 Ariz. 582, 684 P.2d 154 (1984). In this case, counsel was appointed to represent petitioner in the petition for post-conviction relief. Rule 32.5, Arizona Rules of Criminal Procedure. Counsel reviewed the record in this case and filed a supplemental petition setting forth the only other grounds which he deemed appropriate for relief. One of the grounds entitled petitioner to an evidentiary hearing. After the denial of relief on the petition, counsel informed petitioner that he would no longer represent him and that further efforts to seek review would have to be carried out by the petitioner himself or through new counsel. We find this procedure appropriate. *See State v. Shattuck, id.; Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

■ After counsel has represented petitioner effectively through the presentation of the petition for post-conviction relief, his responsibilities pursuant to Rule 32.5, Arizona Rules of Criminal Procedure, have been met. The only further professional obligation on the part of counsel would be to argue issues which in his professional judgment demonstrate the trial court has erred and to present those issues in a motion for rehearing. In this case, we interpret counsel's advice to petitioner as a decision on his part that no meritorious issues remained to be presented in a motion for rehearing. There is nothing raised in this record which demonstrates counsel's decision was incorrect. Counsel's failure to file a motion for rehearing on petitioner's behalf is not evidence of ineffectiveness when there is no basis shown for a reversal upon rehearing and the record does not manifestly indicate that there were substantial issues which could have been presented. *Cf. People v. Cartee*, 86 Ill. App.3d 895, 42 Ill.Dec. 18, 408 N.E.2d 396 (1980). Furthermore, counsel in this case, having determined there were no meritorious issues, timely notified the petitioner. By doing so, he allowed petitioner the opportunity to file a timely motion for rehearing which ultimately preserved the issues

raised in the post-conviction petition for review under Rule 32.9, Arizona Rules of Criminal Procedure.

The trial court properly denied relief on the issues raised by the petitioner in his petition for post-conviction relief. Furthermore, the record supports the conclusion that counsel properly declined to file a motion for rehearing or seek discretionary review because of the lack of meritorious issues raised in the petition. Finally, petitioner was not prejudiced by counsel's failure to file a motion for rehearing.

Review granted; relief denied.

HAIRE, P.J., and BROOKS, J., concur.