859 P.2d 744

**Christopher W. WILSON, Petitioner,**

v.

**Hon. Lindsay ELLIS, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**STATE of Arizona, Real Party in Interest.**

**No. CV–93–0107–PR.**

Supreme Court of Arizona, En Banc.

Oct. 5, 1993.

Reconsideration Granted in Part and Amended Dec. 1, 1993.

---

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant and Kevin H. Maricle, Deputy County Attys., Phoenix, for real party in interest.

## OPINION

MOELLER, Vice Chief Justice.

### FACTS

After Christopher Wilson (defendant) admitted that he had violated his probation, it was revoked, and he was sentenced to five years in prison. The court of appeals dismissed his appeal for lack of subject matter jurisdiction pursuant to A.R.S. § 13–4033(B)[1] and Ariz.R.Crim.P. 27.8(e).[2] *State v. Wilson*, 174 Ariz. 564, 851 P.2d 863 (App.1993). Defendant filed a petition for post-conviction relief (PCR) pursuant to Rule 32 and, alleging indigence, requested a transcript, at public expense, of the probation revocation proceedings, along with other items. The trial court, although finding defendant indigent, denied his request.

Defendant filed a special action in the court of appeals. That court denied relief on the ground defendant had not complied with Rule 32.4(d) by showing the trial court what portions of the transcript were necessary to resolve the issues raised in the PCR. Defendant petitioned this court for review. We granted review, accepted jurisdiction, ordered that defendant be provided with a transcript, and stated that an opinion would follow. This is that opinion. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

### ISSUE

Whether an indigent defendant who admits a probation violation and thereby

1. The statute (effective Sept. 30, 1992) provides:

   In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an *admission to a probation violation.* (emphasis added)

2. The rule (effective Sept. 30, 1992) provides:

   (e) That by admitting a violation of a condition or regulation of probation, the probationer will waive the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review.

waives his direct appeal rights under A.R.S. § 13–4033(B) and Ariz.R.Crim.P. 27.-8(e) is entitled to a transcript of the proceedings for purposes of pursuing relief in the trial court under Rule 32.

## DISCUSSION

■ At the outset, we note that defendant's request for free copies of the entire record is excessively broad. Indigent defendants have no right to have documents reproduced that they or their attorneys can peruse in public places. This opinion is limited to defendant's request for a transcript of the probation revocation and sentencing proceedings, because the transcript, unless already prepared, is not otherwise available to an indigent defendant.

The state argues that defendant must comply with Rule 32.4(d) before he is entitled to a transcript. In the state's view, the rule requires defendant to specify the portions of the record necessary to résolve the issues raised (or to be raised) in the petition. The state contends that, like the defendants in *United States v. MacCollom,* 426 U.S. 317, 324–25, 96 S.Ct. 2086, 2091, 48 L.Ed.2d 666 (1976) and *State v. Drozd,* 116 Ariz. 330, 569 P.2d 272 (1977), defendant is not entitled to a transcript to pursue his PCR. According to the state, defendant waived that right, along with the right to a direct appeal, when he admitted a probation violation. The state contends that defendant could have insisted on a probation revocation hearing and then exercised his right to appeal, but he chose not to do so. Citing *MacCollom,* 426 U.S. 317, 96 S.Ct. 2086, and *Drozd,* 116 Ariz. 330, 569 P.2d 272, the state posits that "the right to receive transcripts at public expense in connection with ancillary post conviction proceedings is not a right guaranteed either by the due process or equal protection clauses of the United States Constitution." 116 Ariz. at 331, 569 P.2d at 273.

■ *MacCollom* and *Drozd* are distinguishable. In each case, defendant declined a right of direct appeal, and with it the right to a free transcript. *See Britt v.*

*North Carolina,* 404 U.S. 226, 226–27, 92 S.Ct. 431, 433, 30 L.Ed.2d 400 (1971) (holding that defendants have right to free transcript on direct appeal). Here, however, defendant did not have a right to a direct appeal once he admittéd a probation violation. Denying defendants a free transcript in this situation creates a disincentive for defendants to admit probation violations, which we think is unwise. *But see Fleming v. State,* 553 So.2d 505, 508 (Miss.1989) (holding that a defendant waives his right to direct appeal by pleading guilty and, therefore, has no right to a free transcript for a PCR).

■ In our interpretation and application of A.R.S. § 13–4033(B) and Rule 27.8(e), we must also be cognizant of the higher command of art. 2, § 24 of the Arizona Constitution. It provides: "In criminal prosecutions, the accused shall have ... the right to appeal in all cases...." Clearly, art. 2, § 24 guarantees some form of appellate relief. That right cannot be waived merely by a plea or admission. *State v. Ethington,* 121 Ariz. 572, 573–74, 592 P.2d 768, 769–70 (1979) (state cannot be allowed to insulate itself from its errors). It also cannot be diluted by a defendant's poverty. *See Lindsey v. Normet,* 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972) (state cannot arbitrarily and capriciously deny appeal rights to indigent defendants). It was precisely because of art. 2, § 24 that this court expressly left open the avenue of appellate review by PCR in lieu of direct appeal when it amended the rules with respect to cases involving admissions of probation violations.

■ Thus, although A.R.S. § 13–4033(B) and Ariz.R.Crim.P. 27.8 deny a direct appeal to the defendant who admits a probation violation, that defendant still may file a PCR. A PCR allows the defendant, under certain circumstances, to attack the factual or legal basis for the admission or to attack the process by which the admission of probation violation was accepted by the judge.[3] Rarely could an effective at-

---

**3.** The PCR allows a defendant to challenge a conviction by showing that

tack on the proceedings be mounted without access to a transcript. The cost to the state is minimal because, by definition, we are dealing with admission proceedings, not lengthy contested hearings. After a transcript is provided, if a PCR without a colorable claim is presented it may, of course, be summarily dismissed. Ariz.R.Crim.P. 32.-6(c). Contrary to the intimations of the dissent, we are not commanding, nor do we want, trial courts to conduct *Anders*-type reviews in PCRs.

We believe that Rule 32.4, properly interpreted, allows an indigent defendant who admits a probation violation a transcript of his hearing for use in pursuing a PCR. Rule 32.4(d) states that "[t]he court shall order those portions of the record prepared that it deems necessary to resolve the issues to be raised in the petition." When direct appeal is unavailable simply because the defendant has admitted the violation, the transcript of the probation revocation hearing is necessary "to resolve the issues to be raised in the petition." Ariz. R.Crim.P. 32.4(d). To interpret the rule otherwise would raise serious state constitutional issues.

## CONCLUSION

The state constitution guarantees some form of appellate review. By admitting a probation violation, defendant must first seek post-conviction relief in the trial court, pursuant to Rule 32, before exercising his constitutional right to appeal. An indigent defendant is entitled to a transcript of the revocation and sentencing proceedings to pursue his rights under Rule 32, when no such transcript is available from another source.

FELDMAN, C.J., and CORCORAN and ZLAKET, JJ., concur.

MARTONE, Justice, dissenting.

Because an appeal is inconsistent with the idea of settling a case, we amended the Arizona Rules of Criminal Procedure to prohibit appeals from pleas of guilty, no contest, and admissions to probation violations. Because the constitution accords a right to appeal, we created formal waiver procedures. Rule 17.2(e), Ariz.R.Crim.P., and Rule 27.8(e), Ariz.R.Crim.P., require the judge to expressly tell the defendant that he or she will be waiving the right of direct appeal if the defendant chooses to plead guilty or no contest, or admits to a probation violation. There is nothing in art. 2, § 24 of the constitution that says that the right of appeal cannot be waived. As long as it is a knowing, intelligent, and voluntary waiver, it is like every other right articulated in art. 2, § 24 (jury trial, counsel *et al*).

*State v. Ethington*, 121 Ariz. 572, 592 P.2d 768 (1979), is not to the contrary. It simply held that the right to appeal was not negotiable in a plea agreement and that as a matter of *public policy* "a defendant will be permitted to bring a timely appeal from a conviction notwithstanding an agreement not to appeal." The case addressed a simple agreement in a plea bargain and "public policy." It did not address a knowing, voluntary, and intelligent waiver in front of a judge pursuant to Rule 27.8(e), Ariz. R.Crim.P., as amended. In short, *Ething-*

a. The conviction or the sentence was in violation of the Constitution of the United States or of the State of Arizona;
b. The court was without jurisdiction to render judgment or to impose sentence;
c. The sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
d. The person is being held in custody after the sentence imposed has expired;

e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence ...;
f. The defendant's failure to appeal from the judgment, sentence, or both within the prescribed time was without fault on the defendant's part; or
g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence.
Ariz.R.Crim.P. 32.1.

*ton* stands for the proposition that the constitutional right to appeal is too important to be allowed to be contracted away, but says nothing about a formal waiver pursuant to the rules. "Public policy" is now articulated in the rules.

Collateral review by way of Rule 32, Ariz.R.Crim.P. post-conviction relief, is not an appeal. It is more limited. It does, however, provide a safeguard against defective plea or admission proceedings. Rule 32.4(d) requires the court to order "those *portions* of the record prepared that *it* deems necessary to resolve the issues to be raised in the petition." (emphasis added). Today the court reads the words "portions," and "it" right out of the rule.

The fact of the matter is that in every instance in which a defendant makes any showing at all, the court will order the transcript under Rule 32.4(d). To suggest that a transcript must be made in every case suggests that the trial court will conduct an *Anders* review. I do not believe that any trial judge believes that our amendments require them to perform *Anders* reviews in these cases. It is not too much to ask the defendant to tell the trial judge what went wrong before a transcript is prepared.

Because today's decision is inconsistent with our new rules, I dissent.