893 P.2d 1281

Jackie MONTGOMERY, Petitioner,

v.

Honorable Steven D. SHELDON, Judge, Maricopa County Superior Court, State of Arizona, Respondent Judge,

STATE of Arizona, Real Party in Interest.

Joe David CAMPBELL, Petitioner,

v.

Honorable Michael J. O'MELIA, Judge, Maricopa County Superior Court, State of Arizona, Respondent Judge,

STATE of Arizona, Real Party in Interest.

Nos. CV–94–0008–PR, CV–94–0159–PR.

Supreme Court of Arizona, En Banc.

April 4, 1995.

Dean W. Trebesch, Maricopa County Public Defender by James H. Kemper, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Gerald R. Grant, Arthur G. Hazelton, Diane E.W. Gunnels, Phoenix, for real party in interest.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Randall H. Howe, Phoenix, for amicus curiae.

FELDMAN, Chief Justice.

The state has filed a Motion for Clarification. Ariz.R.Crim.P. 31.18(b). Because the motion and the responses indicate that the opinion may be misconstrued, we grant the motion and clarify the points raised.

First, the state questions requiring the court of appeals to search the record for fundamental error. This, the state alleges, conflicts with Ariz.R.Crim.P. 32.9(c)(1)(ii), which supposedly precludes analysis of issues not presented in the petition for review. Second, the state fears that if a search for fundamental error is required, the opinion could be read as holding that review of the petition is no longer discretionary under Ariz.R.Crim.P. 32.9(f).

 A guilty plea cannot waive the right to appellate review.[1] Ariz. Const. art. 2, § 24; *Wilson v. Ellis*, 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993). Thus, as *Wilson* made clear, art. 2, § 24 requires that some form of appeal be available even when a defendant pleads guilty. Recent rule changes, however, do provide that a defendant pleading guilty waives any direct appeal. Ariz.R.Crim.P. 17.1. Presently then, appellate review for such a defendant is by Rule 32, a much narrower avenue. *Id.* Thus, because a Rule 32 proceeding is *the* appeal for a defendant pleading guilty, A.R.S. § 13–4035 requires the court of appeals to search for fundamental error.

 This practice conforms with Rule 32.9(C)(1)(ii), which only directs a petitioner to specify those issues the appellate court is asked to review. Nothing in that or any other rule, however, precludes the court of

---

1. There are good reasons for this rule. A defendant's right to appellate review is an essential safeguard against wrongful conviction. Absent a meaningful form of appeal, possible errors in the guilt determination of even pleading defendants would stand unchecked. Although there is less likelihood of error when a defendant voluntarily pleads guilty, experience shows that, as in all human endeavors, mistakes occur in plea proceedings. *See* Hugo Adam Bedau and Michael L. Radelet, *Miscarriages of Justice in Potentially Capital Cases*, 40 Stan.L.Rev. 21 (1987) (listing cases in which persons later proven innocent falsely pleaded guilty or confessed to crimes); *see generally* Kevin C. McMunigal, *Disclosure and Accuracy in the Guilty Plea Process*, 40 Hastings L.J. 957 (1989).

appeals from examining *the record before it* for fundamental error.[2] Indeed, a search for fundamental error logically applies solely to issues the defendant failed to raise but which appear in the record. Moreover, the court may still disregard any such error that does not meet the stringent standard of fundamental error. *State v. Bible,* 175 Ariz. 549, 573, 858 P.2d 1152, 1176 (1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1578, 128 L.Ed.2d 221 (1994).[3]

Searching for fundamental error is not a burdensome requirement. The record in non-capital plea cases is typically short and uncomplicated. And Rule 32.9(e) already provides that when a petition for review is filed, the trial court record "shall be transmitted to the appellate court." Thus, no new procedures are necessary.

■ Nor does examining the record for fundamental error mean that review under Rule 32.9(f) is no longer discretionary. We do not require the court of appeals to grant a defendant's petition for review before searching the record for fundamental error. Although this procedure troubles the dissent, the court of appeals has embraced it. In *State v. Whipple,* the court stated that it can both summarily deny review of petitions that the trial court correctly denied and also look for fundamental error. 177 Ariz. 272, 273 n. 3, 866 P.2d 1358, 1359 n. 3 (App.1993). We agree. *The court of appeals is well able to look for fundamental error at the same time that it considers whether to accept the petition for further analysis.* The court must simply state in any order denying review that it has examined the record and found no fundamental error. The court need not perfunctorily grant review and deny relief to search for fundamental error. Nor must it file a memorandum decision.

Thus, we create no revolutionary process. Consistent with Ariz. Const. art. 2, § 24 and A.R.S. § 13–4035, the court of appeals must examine the record before it for fundamental error when a pleading defendant petitions for review from the denial of a Rule 32 petition. The court of appeals may still summarily reject claims in such petitions and may deny review by summary order. Such order need only state that the court has searched the record for fundamental error and found none. The court must file a written decision or opinion *only* if it finds fundamental error. This will eliminate most if not all questions about fundamental error and, we believe, foster more expeditious dispositions in plea cases, bringing earlier finality for victims and defendants alike. Ariz. Const. art. 2, § 2.1(A)(10).

The dissent continues to express a view that would compel us to hold the amended rule unconstitutional. This we refuse to do. It is in the interests of all—victims, defendants, and the public at large—to expedite post-conviction proceedings while at the same time preserving constitutional protections. *See Wilson,* 176 Ariz. at 124, 859 P.2d at 747. Hence, we interpret the rule to eliminate direct appeals by pleading defendants and thus end the ping pong of direct appeal to the court of appeals and petition for review to this court, then remand for Rule 32 proceedings, followed by petition for review to the court of appeals, followed by petition for review here. We preserve the constitutionally guaranteed right of appellate review but eliminate the first steps in the process and start with Rule 32 procedures, at which time defendants may produce any evidence they may have to establish the invalidity of the plea. We follow with one appellate proceeding to review whatever is provided by

---

2. This includes only the record that Ariz. R.Crim.P. 32.9(e) requires to be sent and the materials the petitioner provides—the petition for review, copies of the trial court's rulings, and any accompanying appendices. Ariz.R.Crim.P. 32.9(c)(1)(i)–(iv). If a transcript of the plea proceeding is not part of the trial record under Rule 32.9(e) and the petitioner does not request and submit such transcript, the court of appeals need not order one.

3. Contrary to the dissent's view, checking the record for fundamental error is perfectly consistent with Rule 32.9(c)'s waiver provisions. Indeed, the rule in any appeal has always been that issues the defendant does not properly raise are waived unless they amount to fundamental error. *State v. Gortarez,* 141 Ariz. 254, 262, 686 P.2d 1224, 1232 (1984) ("The issues not raised in [the] brief to this Court must be considered waived.").

way of record. There is no mystery in this and should be no controversy.

MOELLER, V.C.J., and CORCORAN and ZLAKET, JJ., concur.

MARTONE, Justice, dissenting.

The supplemental opinion of the majority illustrates the unsuitability of a post-conviction relief rule for direct appellate review. I dissented from the court's conversion of review of the denial of a post-conviction petition to constitutionally required direct appellate review. *Montgomery v. Sheldon*, 181 Ariz. 256, 261, 889 P.2d 614, 619 (1995) (Martone, J., dissenting). I do not repeat that dissent here. But the supplemental opinion is no satisfactory answer to the dilemma raised by the motion for reconsideration. Review for fundamental error was not the issue raised in this case. It was first raised by this court in footnote 5 of the majority opinion. Because of unintended consequences, it is always risky to decide issues that are not presented by a case.

The majority says that the court of appeals can review for fundamental error in a case in which the record is incomplete, and even in one with no transcript. But is that fundamental error review at all? This problem is created by trying to fit a square peg into a round hole. Review for fundamental error is incompatible with a rule that states "[f]ailure to raise any issue that could be raised in the petition or the cross-petition for review shall constitute waiver of appellate review of that issue." Rule 32.9(c), Ariz.R.Crim.P.

Discretionary review, which the majority acknowledges, *ante*, at 120, 893 P.2d at 1283, and review for fundamental error are also incompatible. To make them compatible, the majority says that the court of appeals need not grant a petition for review but nevertheless must look for fundamental error. *Id.* But how can one summarily deny review and look for fundamental error at the same time?

This will be the first, but not the last, case of this sort. Will the court of appeals have to go back to 1992 and conduct a fundamental error review in all the cases in which it has not been done? If review of the denial of a petition for post-conviction relief is constitutionally based, does the defendant have the right to counsel through resolution of the case by the court of appeals?

If all the court wants to do is to provide direct appellate review as a substitute for review by way of petition for review, all it has to do is change the rule. I respectfully dissent.