904 P.2d 1248

**STATE of Arizona, Respondent,**

v.

**Herbert Allen SMITH, Petitioner.**

**No. 1 CA–CR 94–0283–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

April 11, 1995.

Review Granted Oct. 24, 1995.

Charles R. Hastings, Yavapai County Atty., Prescott, for respondent.

Herbert Allen Smith, Perryville, in pro. per.

## OPINION

**VOSS, Judge.**

Defendant Herbert Allen Smith pled guilty to theft, a class 3 felony. He was sentenced to an aggravated term of ten years imprisonment and was ordered to pay $1,833.01 restitution.

Defendant filed a Petition for Post–Conviction Relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, in which he claimed the sentence imposed in his case was cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article II, Section 15 of the Arizona Constitution. The trial court dismissed Defendant's petition, claiming that the petition raised no material issue of fact or law which would entitle Defendant to relief.

Subsequently, Defendant filed a motion entitled Motion for Appeal of Sentence, in which he again asserted that his sentence was cruel and unusual punishment. The trial court treated this pleading as a Petition for Review. Defendant's counsel informed Defendant that he would not be filing a Petition for Review in this matter. Thereafter Defendant's counsel filed a Motion to Withdraw as Counsel so that Defendant could file a *pro per* Petition for Review. Counsel's Motion was denied, and the court instructed counsel to file a Petition for Review on Defendant's behalf in the same fashion as an *Anders*.[1] Defendant's counsel filed a Motion for Re-

consideration of his Motion to Withdraw as Counsel. In his Motion for Reconsideration counsel cited *Campbell v. Superior Court,* 178 Ariz. 193, 871 P.2d 740 (App.1994),[2] and *Montgomery v. Superior Court,* 178 Ariz. 84, 870 P.2d 1180 (App.1993),[3] as authority that might aid the court in its instructions of what counsel should do in this situation. Adopting *Campbell,* the trial court granted counsel's Motion for Reconsideration and permitted counsel to withdraw. Following counsel's withdrawal, Defendant requested appointment of counsel, which was denied by this court.

Defendant then filed a *pro per* Petition for Review and an Addendum to Petition in which he again asserted that his sentence was unconstitutional. We find that the imposed sentence does not constitute cruel and unusual punishment.

When evaluating a challenge that a sentence constitutes cruel and unusual punishment, we first examine whether "a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Harmelin v. Michigan,* 501 U.S. 957, 1005, 111 S.Ct. 2680, 2707, 115 L.Ed.2d 836 (1991); *State v. Bartlett (Bartlett II ),* 171 Ariz. 302, 306, 830 P.2d 823, 827, *cert. denied,* 506 U.S. 992, 113 S.Ct. 511, 121 L.Ed.2d 445 (1992); *State v. Hamilton,* 177 Ariz. 403, 407, 868 P.2d 986, 990 (App.1993). If Defendant fails to demonstrate gross disproportionality, no further inquiry is required. *Hamilton,* 177 Ariz. at 408, 868 P.2d at 991. When examining the proportionality of a sentence to the severity of a crime, courts weigh several factors, including the circumstances of the crime, personal culpability, harm to society, and the evolution of the law and present sentencing standards. *Bartlett II,* 171 Ariz. at 306–08, 830 P.2d at 827–29; *Hamilton,* 177 Ariz. at 407–08, 868 P.2d at 990–91.

Defendant provides no evidence in support of his claim; however, he contends that per-

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. Subsequently vacated by *Montgomery v. Sheldon,* 181 Ariz. 256, 889 P.2d 614 (1995).

3. Subsequently approved as modified by *Montgomery v. Sheldon,* 181 Ariz. 256, 889 P.2d 614 (1995).

sons convicted of much more severe crimes are eligible for and routinely receive shorter prison terms.

■ Defendant was convicted of theft in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–1802 (1989). The statutory limits for this crime allow for a minimum sentence of 3.75 years and a maximum sentence of ten years with a presumptive sentence of five years. A.R.S. §§ 13–701, –702 (1989). The court found that the aggravating factors in this case outweighed the mitigating factors; therefore, an aggravated term was appropriate. As aggravating factors, the court found that Defendant had four prior felony convictions and fifteen misdemeanor convictions. The court also noted that Defendant committed perjury during the presentence hearing. No mitigating factors were found. Because the articulated aggravating factors clearly predominated, Defendant was sentenced to the maximum term. Defendant suffers the effects of the aggravating factors which enhance what could have been a nominal sentence.

While the crime of theft may not be considered as severe as others, Defendant's prior record of four felonies and fifteen misdemeanors indicates Defendant's unlikely modification of his criminal behavior. Defendant has failed to demonstrate that his sentence of ten years imprisonment is grossly disproportionate to the crime of theft with nineteen prior convictions; therefore, no further inquiry is required. The trial court did not err in dismissing this claim.

■ We have reviewed the record for fundamental error as required by *Montgomery v. Sheldon,* 181 Ariz. 256, 260 n. 5, 889 P.2d 614, 618 n. 5 (1995). In this case we find the trial court erred in permitting counsel to withdraw prior to the disposition of the Petition for Review.

In *State v. Shedd,* 146 Ariz. 5, 703 P.2d 552 (App.1985), this court held that appointed counsel's obligations in a Petition for Post–Conviction Relief may end upon the trial court's ruling on the petition if counsel decides that no further review is warranted. However, in light of *Montgomery,* it appears that *Shedd* is no longer good law.

The journey down this new road began with *Wilson v. Ellis,* 176 Ariz. 121, 859 P.2d at 744 (1993), where the supreme court was "cognizant of the higher command of art. 2, § 24 of the Arizona Constitution."[4] *Id.* at 123, 859 P.2d at 746. In *Wilson* the court concluded that article II, section 24 guarantees appellate relief *"in all cases"* and "[t]hat right cannot be waived merely by a plea or admission." *Id.* (emphasis added).

The journey continued with *Montgomery,* where the court held that a pleading defendant has a constitutional right to file a *pro per* Petition for Post–Conviction Relief if appointed counsel refuses to do so. More significant than the actual holding in *Montgomery* is the rationale employed by the court. *Montgomery* made it clear that a pleading defendant does not waive the right of appeal guaranteed by article II, section 24. The court stated:

Our constitution guarantees that in "criminal prosecutions, the accused shall have ... the right to appeal in all cases." A defendant normally may exercise that right through a direct appeal. But under Ariz.R.Crim.P. 17.1(e) and 27.8(e), a defendant in a noncapital case who pleads guilty or admits a parole violation waives the right to a *direct* appeal. In accord with art. 2, § 24, however, those rules specifically allow the defendant to "seek review ... by filing a petition for post-conviction relief pursuant to Rule 32." ... Thus, for such defendants, including the defendants in the cases before us, a Rule 32 proceeding is the only means available for exer-

4. Art. II, § 24 states:
   In criminal prosecutions, the accused shall have the right to appear and defend in person, and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to meet the witnesses against him face to face, to have compulsory process to compel the attend-

ance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed, and the right to appeal in all cases; and in no instance shall any accused person before final judgment be compelled to advance money or fees to secure the rights herein guaranteed.

*cising the constitutional right to appellate review. As we recently explained, "[t]hat right cannot be waived merely by a plea or admission."*

*Montgomery,* 181 Ariz. at 258–59, 889 P.2d at 616–17 (citations omitted) (emphasis added). Therefore, the court has created a new avenue to exercise the right to appeal—"a Rule 32 proceeding is *the* appeal for a defendant pleading guilty...." *Montgomery v. Sheldon,* 182 Ariz. 118, 893 P.2d 1281 (1995) (Supp.Op.) (emphasis in original). The only variation under the new system, therefore, is that the defendant must exercise his constitutional right of appeal by way of a Rule 32 proceeding.[5] This means that a defendant enjoys the same rights in a Rule 32 proceeding as an appellant does in a direct appeal. In fact in note 5, the court stated in pertinent part:

> There is some confusion about whether the court of appeals must review the record for fundamental error when a pleading defendant petitions for review of a trial court's denial of post-conviction relief. *See State v. Whipple,* 177 Ariz. 272, 273 n. 3, 866 P.2d 1358, 1359 n. 3 (App.1993). *Because Rule 32 review is analogous to a direct appeal for a pleading defendant,* the court of appeals must review for fundamental error when considering a petition for review from denial of post-conviction relief by a pleading defendant.

*Id.* 181 Ariz. at 260, 889 P.2d at 618 (emphasis added).

The court's analysis is based on the premise that a defendant cannot waive the right to appeal contained in article II, section 24. This premise contradicts federal case law and our previous case law.[6] Currently, it remains clear that an accused may waive the constitutional right to counsel, *e.g. State v. De Nistor,* 143 Ariz. 407, 694 P.2d 237 (1985); the right to appear and defend in person, *e.g. State v. Goldsmith,* 112 Ariz. 399, 542 P.2d 1098 (1975); the right to confront witnesses, *e.g. State v. Laurino,* 106 Ariz. 586, 480 P.2d 342 (1971); the right to a jury trial, *e.g. State v. Hooper,* 145 Ariz. 538, 703 P.2d 482 (1985), *cert. denied,* 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); the right to a speedy trial, *e.g. State v. Schaaf,* 169 Ariz. 323, 819 P.2d 909 (1991); and the right to be present during voir dire, *e.g. State v. Bible,* 175 Ariz. 549, 858 P.2d 1152 (1993); but under *Montgomery* may not waive the right to appeal.

Treating a Rule 32 proceeding analogous to a direct appeal creates a significant impact on certain Rule 32 proceedings. For example, all the protections guaranteed for a direct appeal to ensure due process must apply to Rule 32 proceedings.[7] Constitutional rights cannot be selectively applied; therefore, a Rule 32 defendant is entitled to all the constitutional safeguards—including one of the most fundamental rights, the right to counsel. Because a defendant may not be

---

**5.** Pursuant to the pre–1992 Rules of Criminal Procedure, a pleading defendant could file a direct appeal from a judgment of guilty.

**6.** In *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), the Supreme Court established that a defendant may waive constitutional rights. In *State v. Cumbo,* 9 Ariz.App. 253, 451 P.2d 333 (1969), the court stated that "a person may waive his constitutional rights if he does so knowingly, intelligently, and voluntarily." *construed in Davis v. Dunbar,* 394 F.2d 754 (9th Cir.) *cert. denied,* 393 U.S. 884, 89 S.Ct. 192, 21 L.Ed.2d 159 (1968). And in *State v. Stevens,* 173 Ariz. 494, 844 P.2d 661 (App.1992), this court assumed without deciding that, like all other constitutional rights, the right to appeal could be waived. Taking this one step further, this court decided in *State v. Wilson,* 174 Ariz. 564, 851 P.2d 863 (App.1993), *review denied,* that: "[a]lthough the right to appeal is an important right, it is no more fundamental than the right to a jury trial, the right to confront and

cross-examine witnesses, and other constitutional rights, that a defendant may waive by pleading guilty as long as it is done knowingly and voluntarily." *Id.* at 567, 851 P.2d at 866. Likewise, other jurisdictions have held that the right to appeal, whether constitutionally or statutorily guaranteed, may be waived. *See People v. Seaberg,* 74 N.Y.2d 1, 543 N.Y.S.2d 968, 541 N.E.2d 1022 (1989); *People v. Olson,* 216 Cal.App.3d 601, 264 Cal.Rpt. 817 (1989); *People v. Rodriguez,* 192 Mich.App. 1, 480 N.W.2d 287 (1991); *People v. Nichols,* 143 Ill.App.3d 673, 97 Ill.Dec. 870, 493 N.E.2d 677 (1986); *State v. Perkins,* 108 Wash.2d 212, 737 P.2d 250 (1987).

**7.** Among those protections are the right to transcripts, *Wilson v. Ellis,* 176 Ariz. 121, 859 P.2d 744 (1993); the right to file a supplemental *pro per* brief, *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and the right to effective assistance of counsel. U.S. Const. amend. VI.

left without counsel during the appellate de-cision-making process, *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), there is an obligation for counsel to remain on the case until we enter a written disposition of the Petition for Review.

We are constrained by *Montgomery*.[8] Here, the withdrawal of counsel prior to the disposition of the Petition for Review violated Defendant's constitutional rights. Therefore, we must remand this case with instructions that counsel review the record and file a supplemental Petition for Review on Defendant's behalf.

█ Although it appears we are perfunc-torily remanding this case, we must do so because the right to counsel during the ap-pellate decision-making process is a funda-mental right. Deprivation of a fundamental right cannot be harmless error. *Bible*, 175 Ariz. at 572, 858 P.2d at 1175.

GERBER, P.J., and CONTRERAS, J., concur.

---

**8.** This court must follow a decision of the Ari-zona Supreme Court. *State v. McShine*, 131 Ariz. 485, 487, 642 P.2d 482, 484 (App.1982).