915 P.2d 662

Michael P. LAMMIE, Petitioner,

v.

Hon. Daniel A. BARKER, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent,

and

The STATE of Arizona, Real Party in Interest.

No. CV–95–0280–PR.

Supreme Court of Arizona, En Banc.

March 21, 1996.

Karen Kemper, Phoenix, for Petitioner.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Phoenix, for Real Party in Interest.

## OPINION

FELDMAN, Chief Justice.

### FACTS AND PROCEDURAL HISTORY

In February 1994, Michael P. Lammie's probation, relating to his 1988 convictions for attempted sexual assault (Maricopa County No. CR 88–08357), was revoked and he was sentenced to an aggravated term of ten years' imprisonment. Previously, on December 21, 1993, Lammie pleaded guilty to a drug charge (Maricopa County No. CR 93–

93504). For this conviction he received a deferred sentence of intensive probation to commence following his release from prison.

In April 1994, Lammie filed a notice of post-conviction relief for both causes; on September 23, 1994, appointed counsel concluded that there were no colorable claims upon which a petition for post-conviction relief could be based. Counsel asked that Lammie be granted an extension of time in which to proceed *pro per*, which the trial court denied before dismissing the PCR proceeding. Counsel then filed a petition for special action challenging the trial court's ruling denying the extension and dismissing the proceedings. The court of appeals declined to accept jurisdiction, and Lammie sought review by this court.

In an order filed April 4, 1995, this court found that the issue was controlled by its opinion in *Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614, *op. supp.*, 182 Ariz. 118, 893 P.2d 1281 (1995), and remanded the matter to the trial court with directions to grant Lammie a thirty-day extension of time to file a petition for post-conviction relief *pro per*. On April 11, 1995, counsel filed a motion in the trial court asking to withdraw so that Lammie could proceed *pro per*. Relying on the court of appeals' opinion in *State v. Smith*, 183 Ariz. 424, 904 P.2d 1248 (App. 1995), the trial judge denied the motion. Counsel again filed a special action in the court of appeals, which declined to accept jurisdiction. We granted review pursuant to Rule 31.19, Ariz.R.Crim.P.

## DISCUSSION

■ In denying counsel's request to withdraw, the trial court relied on *State v. Smith*, 183 Ariz. 424, 904 P.2d 1248 (App.1995). We subsequently granted review in *State v. Smith* and vacated the court of appeals' opinion. 184 Ariz. 456, 910 P.2d 1 (1996). In doing so, we reaffirmed our holding in *Montgomery*: If, after searching the record, appointed counsel in a PCR proceeding can find no tenable issue to submit, counsel may so inform the court and defendant; the defendant will then be entitled to proceed *pro per*,

and may also be entitled to an appropriate extension of time in which to file a PCR petition. *Id.* at 458–461, 910 P.2d at 3–5.

■ We further held that until the trial court makes its required review and disposition, counsel is obligated to remain on the case; following an unfavorable disposition by the trial court, counsel need only inform the defendant of the status and defendant's future options, unless an issue appropriate for submission to the court of appeals has come to light. *Id.* Otherwise, following disposition of the PCR petition, counsel is entitled to withdraw. *Id.* The pleading defendant does not, however, have a right to appointed counsel in Rule 32 proceedings beyond the trial court's mandatory consideration and disposition of the PCR. *Id.*

■ Unlike counsel's role under *Anders*,[1] the purpose of having counsel remain on the case in Rule 32 proceedings after the defendant has elected to proceed *pro per* is not to file a PCR petition or petition for review, even though counsel believes there is no tenable basis for it, on behalf of the *pro per* defendant. Rather, counsel's only function at this point is to assist the *pro per* defendant should that defendant or the trial court discover a viable issue that counsel had not previously considered or when, in the interest of justice, appointment of counsel seems necessary. *See id.* at 459, 910 P.2d at 4 n. 2; *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984).

As we noted in *Smith*, a majority of this court and the dissenting justice have differing views in these cases. 184 Ariz. at 458–461, 910 P.2d at 3–6 (citing cases). But we see no need to reopen the debate and therefore decline to do so.

## DISPOSITION

Having granted review, we hereby grant in part and deny in part the relief sought by Lammie in his special action petition:

1. The trial court's ruling denying counsel's motion to withdraw is affirmed. Counsel should not be allowed to with-

---

1. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

draw until the proceedings in the trial court are concluded.

2. The trial court is ORDERED to allow Lammie thirty days in which to file a *pro per* PCR petition.

ZLAKET, V.C.J., and MOELLER, J., and ROBERT J. CORCORAN, Justice (Retired), concur.

MARTONE, Justice, dissenting.

Counsel should have been allowed to withdraw. In reaching a contrary conclusion, the majority retreats from *Montgomery v. Sheldon*, 181 Ariz. 256, 889 P.2d 614, *op. supp.*, 182 Ariz. 118, 893 P.2d 1281 (1995),. and creates a new right to hybrid representation in a Rule 32 proceeding without any basis or reason for doing so.

The court says that even after counsel concludes that there are no grounds to support a petition for post-conviction relief, two consequences flow: (1) the defendant has a right to file one *pro per*, and (2) the lawyer cannot withdraw from the case. But in *Montgomery v. Sheldon*, the majority said "we hold only that if counsel refuses to proceed, a pleading defendant has a right under Ariz. Const. art. 2, § 24 to file a *pro se* PCR petition." 181 Ariz. at 260, 889 P.2d at 618. The majority also said that "no hybrid representation occurs when counsel declines to file a PCR petition and a defendant proceeds *pro se*, [because] [h]ybrid representation is *concurrent* representation by both counsel and defendant-*not consecutive* representation." *Id.* In short, under *Montgomery*, after counsel in a PCR setting concludes that there is no issue to present, he is entitled to withdraw and the defendant is entitled to proceed *pro per*.

Now the court says that counsel should not be allowed to withdraw until the trial court proceedings are concluded. But if the defendant is proceeding *pro per*, what is the lawyer supposed to do? The court says that he must remain on the case even after the defendant is allowed to proceed *pro per* "to assist the *pro per* defendant should that defendant or the trial court discover a viable issue which counsel had not previously considered, or when, in the interest of justice,

appointment of counsel seems necessary." *Ante,* at 663. What does this mean? It is directly contrary to *Montgomery*. It looks likes the court is adopting the *Shattuck* procedure and engrafting it on a Rule 32 proceeding. But in *Shattuck,* counsel filed an *Anders* brief and stayed with the defendant through resolution of the appeal by the court of appeals. The defendant did not proceed *pro per* simultaneously.

There is a second problem. The majority says. "that following an unfavorable disposition by the trial court, counsel need only inform the defendant of the status and defendant's future options, unless an issue appropriate for submission to the court of appeals has come to light." *Ante,* at 663. What does this mean? It seems to suggest that if an issue does come to light, counsel's obligation does not end. Yet, the majority acknowledges that "[t]he pleading defendant does not, however, have a right to appointed counsel in Rule 32 proceedings beyond the trial court's mandatory consideration and disposition of the PCR." *Id.*

I do not believe it is wise to create and amend Rule 32 on a case-by-case basis. *See Wilson v. Ellis,* 176 Ariz. 121, 124–25, 859 P.2d 744, 747–48 (1993), *Montgomery v. Sheldon,* 181 Ariz. 256, 261–63, 889 P.2d 614, 619–21 (1995) [Montgomery I], *Montgomery v. Sheldon,* 182 Ariz. 118, 121, 893 P.2d 1281, 1284 (1995) [Montgomery II], and *State v. Smith,* 184 Ariz. 456, 460–461, 910 P.2d 1, 5–6 (1996). By doing so, we have created a process which simply cannot be found by reference to Rule 32 itself.

Because I do not believe a right to hybrid representation can be found in our constitution, our laws, or in our rules, I respectfully dissent from the court's latest development in this unending series of cases.