NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

FLEMING WILLIAMS, *Petitioner*.

No. 1 CA-CR  18-0835 PRPC

FILED 9-5-2019

---

Petition for Review from the Superior Court in Maricopa County
No.  CR2016-104632-001
The Honorable David V. Seyer, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Fleming Williams, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

---

**P E R K I N S**, Judge:

¶1   Fleming Williams petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2   On the day Williams's trial was scheduled to begin, he pleaded guilty to two counts of aggravated driving under the influence of intoxicating liquor or drugs. Williams also admitted to having four prior felony convictions. The court imposed concurrent and slightly mitigated seven-year prison terms.

¶3   Thereafter, Williams timely commenced post-conviction relief ("PCR") proceedings, asserting a claim of ineffective assistance of counsel ("IAC"). Assigned PCR counsel reviewed the record and other pertinent materials but was unable to find any viable claims for relief. Williams then timely filed a *pro se* PCR petition.

¶4   Williams argued his counsel failed to adequately advise him regarding the State's initial plea offer that included a stipulated 4.5-year prison term. Williams also asserted counsel was ineffective by failing to request that Williams undergo a mental examination to determine his competency. Williams further argued counsel performed deficiently at sentencing by failing to object to the superior court's purported imposition of consecutive community supervision terms. Finally, citing *Pacheco v. Ryan*, CV-15-02264-PHX-DGC, 2016 WL 7407242 (D. Ariz. Dec. 22, 2016), Williams asserted an IAC claim regarding Rule 32 counsel who, according to Williams, failed to file a brief consistent with *Anders v. California*, 386 U.S. 738 (1967).

¶5   The superior court rejected Williams's claims and summarily dismissed his petition. Williams timely sought review.

¶6   Absent an abuse of discretion or error of law, this Court will not disturb the superior court's ruling on a petition for post-conviction

relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). An abuse of discretion occurs when "no reasonable judge would have reached the same result under the circumstances." *State v. Armstrong*, 208 Ariz. 345, 354, ¶ 40 (2004).

**¶7**　　　To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397-98 (1985) (adopting the *Strickland* test). To show prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. There is a strong presumption that the actions of counsel were sound strategy under the circumstances present at that time. *State v. Stone*, 151 Ariz. 455, 461 (App. 1986).

**¶8**　　　On review, Williams essentially repeats the same arguments made in superior court and does not identify any factual or legal error in the court's ruling. Most importantly, he does not address the court's determination that he failed to demonstrate his counsel's conduct fell below prevailing professional norms.

**¶9**　　　The record and law support the superior court's dismissal order. First, Williams knew at his arraignment that the State was offering a stipulated 4.5-year prison term in exchange for a guilty plea, and he was aware the offer was open for only one day. The State also informed Williams he faced a potential 10-year presumptive sentence based on his prior convictions should he go to trial. When the superior court asked Williams whether he had any questions for defense counsel regarding the offer, Williams responded, "No, nothing."

**¶10**　　　Second, nothing in the record indicates Williams exhibited behaviors that objectively required counsel to investigate Williams' potential incompetency. Indeed, when Williams subsequently pleaded guilty, he confirmed with the superior court that he did so knowingly, voluntarily, and intelligently. Moreover, in light of the court's numerous opportunities to personally observe and interact with Williams, we must defer to its apparent lack of concern regarding Williams' competency. *See* Ariz. R. Crim. P. 11.2(a)(1) ("At any time after an information is filed or an indictment is returned in superior court . . . the court may, . . . on its own, order a defendant's examination to determine whether the defendant is competent to stand trial."); *Pima Cty. Juv. Action No. 63212-2*, 129 Ariz. 371,

375 (1981) ("One of the most important principles in our judicial system is the deference given to the finder of fact who hears the live testimony of witnesses because of his opportunity to judge the credibility of those witnesses.") (internal quotation marks omitted).

¶11　　　　Third, our review of the sentencing minute entry does not indicate the superior court ordered consecutive terms of community supervision. Rather, upon his release, Williams will serve one term of community supervision, the duration of which will be based on the imposed concurrent terms of imprisonment. *See* A.R.S. § 13-603(I).

¶12　　　　Finally, we are not bound by decisions of the District Court, such as *Pacheco. State v. Gates*, 118 Ariz. 357, 359 (1978). Arizona's post-conviction relief procedures do not require the superior court to review the record as occurs in an *Anders* appeal to discern arguable issues. *See State v. Chavez*, 243 Ariz. 313, 314, ¶ 1 (App. 2017) ("[A]n of-right Rule 32 petitioner is not entitled to a review of the record by the superior court for arguable issues as required for direct appeals under *Anders v. California* [] and *State v. Leon* [].").  Indeed, our supreme court has previously held that an *Anders* review is unnecessary in PCR proceedings. *Wilson v. Ellis*, 176 Ariz. 121, 124 (1993). Thus, PCR counsel was not required to file an *Anders* brief.

¶13　　　　Based on the foregoing, we grant review but deny relief.

