NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSE ADAM BALTAZAR, *Petitioner*.

No. 1 CA-CR 22-0608 PRPC
FILED 6-29-2023

Petition for Review from the Superior Court in Mohave County
No. CR2019-01049
No. CR2020-00764
No. CR2020-00765
The Honorable Derek C. Carlisle, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Mohave County Attorney's Office, Phoenix
By Matthew J. Smith, Kingman
*Counsel for Respondent*

Jose Adam Baltazar, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass, Judge Brian Y. Furuya, and Judge Andrew M. Jacobs participating.

---

**PER CURIAM**:

¶1          Jose Adam Baltazar petitions this court to review the summary dismissal of his post-conviction relief ("PCR") proceeding under Arizona Rule of Criminal Procedure 33.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

### FACTUAL AND PROCEDURAL HISTORY

¶2          In 2021, Baltazar pled guilty in three separate matters to two counts of aggravated assault, class three felonies; one count of attempted unlawful flight from a pursuing law-enforcement vehicle, a class six felony; and one count of possessing dangerous drugs, a class four felony.  The superior court sentenced him to an aggregate term of 14 years' imprisonment.

¶3          Baltazar timely filed a PCR notice, indicating he sought to raise claims under Rule 33.1, parts (a), (c), (e), and (h).  The superior court appointed PCR counsel to represent him.  In early April 2022, PCR counsel filed a notice of completion of PCR review under Rule 33.6, stating she had not found any colorable claims to pursue.  PCR counsel noted in her pleading that she had "mailed [Baltazar] the transcripts of the guilty plea, and sentencing proceedings, as well as his previous attorney's file with the discovery and court records."  On April 7, the court issued a written order granting Baltazar 45 days to file a PCR petition *in propria persona* and directing PCR counsel to assist Baltazar as advisory counsel.

¶4          At the end of June—more than a month after the filing deadline had passed—Baltazar asked for 60 additional days to file his PCR petition.  In support of his untimely request, he explained that although he had received from PCR counsel a "copy of his files and records on a computer disk," he "ha[d] no access to a computer to open and read" those documents.  Baltazar further maintained that he had "returned the disk to

counsel" and asked her to deliver "paper copies of the files and records," which she had not yet done.

¶5            The first week of July, before the superior court had ruled on his June motion, Baltazar moved the court to order PCR counsel "to provide a paper copy of [his] file" and repeated his request for a deadline extension. Attached to Baltazar's motion was an April 27 letter from PCR counsel stating she had not retained an additional copy of the disks she sent Baltazar and thus could not print the records for him. To resolve the issue, she suggested that he contact his prior attorney for a hard copy of his file or mail the disks back to her and she would then print the records for him. Finding Baltazar's trial counsel and PCR counsel had "complied with providing [Baltazar] a copy of his file," the court refused to issue the requested order but extended the PCR filing deadline to September 6, 2022.

¶6            In late August, Baltazar again moved to compel PCR counsel to provide hard copies of the transcripts and sought yet more time to file his PCR petition. He attached to his motion a July 8 letter from PCR counsel stating she had not received the disks from Baltazar; consequently, she had "asked the Mohave County Public Defender's Office to send [him] a paper copy of [his] files." The superior court issued an order on August 30 denying his motion to compel but allowing him until October 14, 2022, to file his petition. When Baltazar failed to file a PCR petition—or any other pleading—by the October deadline, the court summarily dismissed his PCR proceeding a week after the deadline had passed.

¶7            In early November, Baltazar moved for a new judge and once again asked for additional time to file his PCR petition, asserting "the court failed to send him a copy of the ruling." After assigning a different judge, the superior court affirmed its earlier dismissal order, concluding Baltazar had not provided any basis for the court to grant him another deadline extension. The court further noted that it had sent the dismissal order to "Adam Baltazar #066514 ASPC Yuma, Cibola Unit," where it had likewise sent all its prior orders. This petition for review followed.

## DISCUSSION

¶8            Baltazar argues the superior court erred when it denied his November request for a deadline extension. We review the summary dismissal of a PCR proceeding for an abuse of discretion, "which occurs if the court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 6 (2021). We review legal determinations *de novo*. *Id*. Petitioners must

comply strictly with the PCR rules to be eligible for relief. *State v. Evans*, 252 Ariz. 590, 595, ¶ 7 (App. 2022).

**¶9** As a threshold matter, pleading defendants are generally entitled to transcripts of their change-of-plea and sentencing hearings. *See* Ariz. R. Crim. P. 33.8(b) (pleading defendants must upon request receive any transcripts that courts deem necessary to resolve PCR claims); *State v. Smith*, 184 Ariz. 456, 458 (1996) (pleading defendants are entitled to plea-proceeding transcripts); *Wilson v. Ellis*, 176 Ariz. 121, 124 (1993) (pleading defendants are entitled to sentencing-hearing transcripts). That requirement was satisfied here: the court provided the relevant transcripts to PCR counsel in March 2022 while she was still representing Baltazar, and she delivered them to him following her Rule 33.6 notice. Baltazar cites no authority for his implicit contention that *pro per* prisoners are equally entitled to hard copies of records provided via CD, or in a comparable format, if their computer access is limited. Consequently, he waived any such argument. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16 (App. 2013) (waiving claim on review where the petitioner failed to cite supporting authority and provide a meaningfully developed argument).

**¶10** Waiver aside, the superior court reasonably denied Baltazar's late request for leave to file a PCR petition. Under Rule 33.6, once PCR counsel files a notice of completion, courts may grant defendants 45 days to file a *pro per* PCR petition and are thereafter authorized to "grant additional extensions only on a showing of extraordinary circumstances." Baltazar has made no such showing here.

**¶11** Although Baltazar complains he could not file his PCR petition absent printouts of the sought-after documents, the record demonstrates he failed to exercise reasonable diligence in obtaining them despite having ample opportunity to do so. The superior court granted Baltazar multiple deadline extensions to accomplish his task, including one based on a request made more than a month after the initial deadline had expired. Baltazar ultimately had nearly seven months to investigate any potential PCR claims, and during that time, PCR counsel repeatedly offered to aid him in procuring the materials he sought.

**¶12** On review, Baltazar addresses neither the extensions he received nor PCR counsel's proposed assistance, much less explain why the time given and counsel's efforts were insufficient. Nor does he offer a reason for his failure to take *any* action on the matter from the August 30 denial order until several weeks after the October deadline had expired. Accordingly, because Baltazar has not identified any extraordinary

circumstances justifying an additional continuance, the superior court did not abuse its discretion by refusing to award him more time to prepare his PCR petition.

¶13     Baltazar also alleges he received ineffective assistance from PCR counsel in various respects. Although pleading defendants are entitled to effective assistance of PCR counsel in a first PCR proceeding, "claims of ineffective assistance of Rule 33 counsel in a defendant's first proceeding for post-conviction relief must be asserted in a timely, successive proceeding." *State v. Mendoza*, 249 Ariz. 180, 183–84, ¶¶ 7, 12 (App. 2020); *see* Ariz. R. Crim. P. 33.2(b)(2). We therefore decline to address these allegations. Nor do we consider PCR issues Baltazar raises on review but did not present to the superior court. *See* Ariz. R. Crim. P. 33.16(c)(2)(B) (requiring review petitions to contain a statement of issues decided by the superior court); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (reviewing courts do not address issues first raised in review petition).

¶14     Finally, we note that the offense of which Baltazar was convicted — attempted unlawful flight from a pursuing law-enforcement vehicle, *see supra* ¶ 2 — is not a cognizable crime in Arizona. Under A.R.S. § 28-622.01, a person commits unlawful flight from a pursuing law-enforcement vehicle by willfully fleeing or *attempting* to elude a pursuing law-enforcement vehicle. Attempting to commit unlawful flight constitutes the substantive crime of unlawful flight itself. Because we do not search PCR proceedings for fundamental error, *Smith*, 184 Ariz. at 459–60, we do not reach that potential issue here. *See State v. Carriger*, 143 Ariz. 142, 146 (1984) ("It is the petitioner's burden to assert grounds that bring him within the provisions of [Rule 33] in order to obtain relief."); *see also Ramirez*, 126 Ariz. at 468. Nor do we express any opinion on the merits of any claim stemming from it in a successive PCR proceeding. *See* Ariz. R. Crim. P. 33.4(b)(3)(B) (providing that Rule 33.1(b)–(h) claims must be raised within a reasonable time after their basis is discovered).

**CONCLUSION**

¶15     We grant review and deny relief.

