**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

LINO ALBERTO CHAVEZ,
*Petitioner-Appellee*,

v.

MARK BRNOVICH, Attorney General;
DAVID SHINN, Director,
*Respondents-Appellants.*

No. 21-15454

D.C. No.
2:19-cv-05424-
DLR

OPINION

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted March 18, 2022
Las Vegas, Nevada

Filed August 1, 2022

Before: Andrew J. Kleinfeld, D. Michael Fisher,[*] and
Mark J. Bennett, Circuit Judges.

Opinion by Judge Bennett

---

[*] The Honorable D. Michael Fisher, United States Circuit Judge for
the U.S. Court of Appeals for the Third Circuit, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's grant of conditional habeas relief to Lino Alberto Chavez, an Arizona prisoner who asserted that he was denied his constitutional right to appellate counsel under *Anders v. California*, 386 U.S. 738 (1967), in his Arizona "of-right" post-conviction relief (PCR) proceedings.

Chavez challenged his conviction and sentence through the PCR proceeding because pleading defendants in noncapital cases in Arizona are prohibited from taking a direct appeal. The district court found that the Arizona Court of Appeals had incorrectly determined that *Anders* did not apply to Arizona's of-right PCR proceedings. The district court also determined, on de novo review, that Arizona's PCR procedure was deficient under *Anders*.

The panel first explained that it was clearly established that *Anders* and its progeny apply to Arizona's of-right PCR proceedings.

Because the Arizona Court of Appeals's decision can be construed as finding *Anders* applicable and nothing clearly suggests otherwise, and a federal habeas court must give the state court of appeals the benefit of the doubt and presume that it followed the law, the panel found that the Arizona Court of Appeals correctly found *Anders* applies to of-right

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

PCR proceedings. The panel therefore reversed the district court's contrary determination.

The panel held that the district court also erred in reviewing de novo whether Arizona's of-right PCR procedure is constitutionally adequate under *Anders*, and should have applied the required deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Given the ambiguity in the court of appeals's decision, the panel wrote that the district court should have (1) determined what arguments or theories could have supported its rejection of Chavez's argument that he had been denied *Anders* protections, and (2) then given AEDPA deference to those arguments. The panel wrote that in denying relief, the Arizona Court of Appeals could have determined that Chavez had not been denied *Anders* protections because Arizona's existing of-right PCR procedure satisfied *Anders* and its progeny. Applying AEDPA deference, the panel held that such a determination would not be contrary to or an unreasonable application of clearly established federal law. In so holding, the panel noted that unlike the California procedure deemed deficient in *Anders*, Arizona requires counsel to identify any issues that could appear to be valid and does not permit counsel to withdraw; and counsel remains in an advisory capacity until the PCR court's final determination, and, in that capacity, remains available to defendant and the PCR court to brief viable issues.

**COUNSEL**

Andrew Stuart Reilly (argued), Assistant Attorney General; J.D. Nielsen, Habeas Unit Chief; Mark Brnovich, Attorney General; Office of the Attorney General, Phoenix, Arizona; for Respondents-Appellants.

Randal McDonald (argued), Law Office of Randal B. McDonald PLLC, Phoenix, Arizona, for Petitioner-Appellee.

**OPINION**

BENNETT, Circuit Judge:

Lino Alberto Chavez, an Arizona prisoner, pleaded guilty to one count of second-degree murder and was sentenced to sixteen years. Because pleading defendants in noncapital cases in Arizona are prohibited from taking a direct appeal, Chavez challenged his conviction and sentence through an "of-right" post-conviction relief ("PCR") proceeding under Arizona law. After Chavez's appointed PCR counsel informed the PCR court that there were no colorable claims for relief, PCR counsel remained in an advisory capacity only and Chavez filed a pro se petition. The PCR court denied relief. On appeal, Chavez claimed that he had been denied his constitutional right to appellate counsel under *Anders v. California*, 386 U.S. 738 (1967). The Arizona Court of Appeals denied relief.

Chavez sought habeas relief in federal court, reasserting his *Anders* claim. The district court found that the Arizona Court of Appeals had incorrectly determined that *Anders* did not apply to Arizona's of-right PCR proceedings. The

district court also determined, on de novo review, that Arizona's of-right PCR procedure was deficient under *Anders* and thus granted conditional habeas relief. Arizona appeals.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a) and reverse. The district court erred in failing to give the Arizona Court of Appeals the required deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, the Arizona Court of Appeals correctly determined that *Anders* applies to of-right PCR proceedings, and it could have denied relief based on a determination that Arizona's procedure satisfied *Anders*. Such a determination would not be contrary to or an unreasonable application of Supreme Court precedent. We therefore reverse the district court's grant of habeas relief.

## I

In 2011, Chavez's co-defendant, Jose Solis-Apodaca, tried to steal a laptop from Anita Munoz. Munoz pursued Solis-Apodaca, who got into a getaway vehicle driven by Chavez. Munoz grabbed the vehicle's open window as it drove away. Munoz fell or was pushed from the vehicle and suffered skull fractures and internal bleeding. She never regained consciousness and was removed from life support about five days after the incident.

Chavez pleaded guilty to one count of second-degree murder for Munoz's death. The court sentenced him to sixteen years. Because pleading defendants in noncapital cases in Arizona have no right to a direct appeal, Chavez challenged his conviction and sentence through an of-right

PCR proceeding under Arizona Rule of Criminal Procedure 32.[1]

## A

The Arizona Legislature removed a pleading defendant's right to a direct appeal in noncapital cases in 1992. *See* 1992 Ariz. Sess. Laws ch. 184 (codified at Ariz. Rev. Stat. § 13-4033(B)). But because the Arizona Constitution "guarantees some form of appellate relief . . . [that] cannot be waived merely by a plea or admission," *Wilson v. Ellis*, 859 P.2d 744, 746 (Ariz. 1993) (en banc), pleading defendants can seek appellate relief through an of-right PCR proceeding under Rule 32. *See* Ariz. R. Crim. P. 32.1 (2013) ("Any person who pled guilty or no contest . . . shall have the right to file a post-conviction relief proceeding, and this proceeding shall be known as a Rule 32 of-right proceeding.").[2] Indigent defendants seeking of-right post-conviction relief are entitled to counsel, and the rules set forth counsel's obligations:

> Upon the filing of a timely or first notice in a Rule 32 proceeding, the presiding judge . . . shall appoint counsel for the defendant within

---

[1] Pleading defendants are now required to appeal under Rule 33. The Arizona Supreme Court adopted Rule 33 in 2019. Ariz. Sup. Ct. Order No. R-19-0012 (Aug. 29, 2019). Rule 33 applies "[i]n all actions filed on or after January 1, 2020[,] and . . . [i]n all other actions pending on January 1, 2020, except to the extent that the court in an affected action determines that applying the rule . . . would be infeasible or work an injustice, in which event the former rule . . . applies." *Id.*

[2] Unless otherwise noted, all references to the Arizona Rules of Criminal Procedure are to the version in effect in 2013 when Chavez initiated his of-right PCR proceeding.

15 days if requested and the defendant is determined to be indigent. . . .

In a Rule 32 of-right proceeding, counsel shall investigate the defendant's case for any and all colorable claims. If counsel determines there are no colorable claims which can be raised on the defendant's behalf, counsel shall file a notice advising the court of this determination. Counsel's role is then limited to acting as advisory counsel until the trial court's final determination. Upon receipt of the notice, the court shall extend the time for filing a petition by the defendant in propria persona.

Ariz. R. Crim. P. 32.4(c)(2). If counsel determines that there are no colorable claims and petitioner decides to proceed pro se, "counsel's only function . . . is to assist the *pro per* defendant should that defendant or the trial court discover a viable issue that counsel had not previously considered or when, in the interest of justice, appointment of counsel seems necessary." *Lammie v. Barker*, 915 P.2d 662, 663 (Ariz. 1996) (en banc).

**B**

Chavez began an of-right PCR proceeding in 2013, and the court appointed PCR counsel. PCR counsel filed a two-page Notice of Completion. The Notice of Completion identified the materials reviewed by PCR counsel, stated that PCR counsel was "unable to find any claims for relief to

raise in post-conviction relief proceedings," and requested an extension for Chavez to file a pro se petition.**[3]**

The Maricopa County Superior Court granted Chavez an extension to file a pro se petition and ordered PCR counsel to "remain in an advisory capacity for [Chavez] until a final determination is made by the trial court regarding any post-conviction relief proceeding." Chavez filed a pro se Rule 32 PCR petition, which the Superior Court denied.

Chavez appealed, filing a pro se petition for review with the Arizona Court of Appeals. His petition raised an *Anders* claim—that "an of-right Rule 32 petitioner is . . . entitled to a review of the record by the superior court for arguable issues as required for direct appeals under *Anders*." The court of appeals ordered supplemental briefing on the *Anders* claim given *Pacheco v. Ryan*, No. CV-15-02264-PHX-DGC, 2016 WL 7407242 (D. Ariz. Dec. 22, 2016), which was decided while Chavez's petition for review was pending. In *Pacheco*, the U.S. District Court for the District of Arizona held that *Anders* protections applied to Rule 32 of-right proceedings under Supreme Court precedent. The district court also accepted the magistrate judge's finding that Arizona's of-right PCR procedure was deficient under *Anders* because the State had failed to object to that finding. *Id.* at *10.

Before the Arizona Court of Appeals, Chavez, the State, the Arizona Attorney General as amici, and other amici filed

---

**[3]** We presume that Chavez's PCR counsel reviewed his case for any colorable claims as required under Rule 32.4(c)(2), as Chavez does not argue otherwise. Chavez's PCR counsel attested that she reviewed the following materials: Superior Court instruments and minute entries; transcripts from Chavez's settlement conference, plea hearing, and sentencing hearing; Chavez's trial file; and a letter from Chavez.

supplemental briefs. All the supplemental briefs argued that *Anders* applied to Rule 32 of-right PCR proceedings. Although the State conceded that *Anders* applied, it argued that Chavez had waived the *Anders* claim by failing to raise it before the Superior Court.

The Arizona Court of Appeals granted review of the petition but denied relief in a published opinion. *State v. Chavez*, 407 P.3d 85 (Ariz. Ct. App. 2017). The court of appeals rejected the *Anders* claim. It explained that, under Arizona Supreme Court precedent and the Arizona Rules of Criminal Procedure, "superior courts are not required to conduct *Anders* review in a Rule 32 of-right petition." *Id.* at 91.

After the Arizona Supreme Court summarily denied review, Chavez sought relief in federal district court.

## C

Chavez filed a federal habeas petition under 28 U.S.C. § 2254. Given the ambiguity in the Arizona Court of Appeals's decision, the district court ordered the parties to address at oral argument whether the Arizona Court of Appeals decided that *Anders* protections apply to of-right PCR proceedings, or that Arizona's of-right PCR procedure was adequate under *Anders*, or whether it decided both issues.

The district court found that the court of appeals had determined that *Anders* did not apply to of-right PCR proceedings. Applying AEDPA, the district court found that such determination was an unreasonable application of Supreme Court precedent because of-right PCR proceedings are the functional equivalent of a first appeal as of right, and

the Supreme Court had "clearly established . . . that *Anders* applies to a defendant's first appeal as of right."

The district court presumably determined that the court of appeals had not decided whether Arizona's existing procedure was adequate under *Anders*, as it reviewed that issue de novo. The district court rejected the State's argument that Chavez had received sufficient *Anders* protections. It found that Arizona's procedures were deficient because they were "nearly identical to the California procedures rejected in *Anders*."

The district court also considered whether Chavez's *Anders* claim was subject to procedural default for failure to raise the precise claim before the state courts. The State argued that Chavez's claim before the Arizona Court of Appeals was limited to only whether *Anders* required a PCR court to review the record for fundamental error. Chavez countered that his *Anders* claim also included the broader claim whether he had been "improperly denied the protections of *Anders*." The district court agreed with Chavez and rejected the State's procedural default argument.[4]

The district court conditionally granted the petition, ordering that Chavez "be released unless within 90 days of [its] Order, [Chavez] is permitted to file a new of-right Rule 33 PCR proceeding, including the filing of either a merits brief by counsel or a substantive brief consistent with *Anders*." The State timely appeals.

---

[4] The State does not challenge the district court's rejection of its procedural default argument.

## II

We review a district court's grant of habeas relief de novo.[5] *Jones v. Davis*, 8 F.4th 1027, 1035 (9th Cir. 2021). Our review is governed by AEDPA, as Chavez filed his habeas petition in 2019. *See id.* Under AEDPA, as relevant here, we are barred from granting relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## III

The State challenges the district court's decision on two grounds. First, it argues that the district court erred in determining that the Arizona Court of Appeals found *Anders* inapplicable to Arizona's of-right PCR proceedings. Second, the State claims that the district court erred in reviewing de novo whether Arizona's of-right PCR procedure is constitutionally adequate under *Anders* and its progeny. According to the State, the court of appeals decided that question in denying the *Anders* claim. Thus, the district court should have applied AEDPA deference, and

---

[5] We reject Chavez's argument that the district court's determination that Arizona's of-right PCR procedure is nearly identical to the procedure rejected in *Anders* is a factual determination subject to clear error review. The district court's determination was not the resolution of a factual dispute; it was a mixed question of law and fact subject to de novo review. *See Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982) (describing mixed questions of law and fact as "questions in which the historical facts are admitted or established, the rule of law is undisputed, and the issue is . . . whether the rule of law as applied to the established facts is or is not violated"); *Lujan v. Garcia*, 734 F.3d 917, 923 (9th Cir. 2013) (mixed questions of law and fact are reviewed de novo).

under AEDPA, the court of appeals's determination was not contrary to or an unreasonable application of Supreme Court precedent.

We agree with the State on both issues. Because it is relevant to our consideration of both issues, we first address whether it was clearly established that *Anders* and its progeny apply to Arizona's of-right PCR proceedings.[6]

## A

In *Anders*, the Court reviewed California's procedure which allowed appellate counsel to withdraw upon filing a conclusory "no merit" letter, allowed the defendant to file a pro se appellate brief, and permitted the appellate court to affirm after reviewing the record and finding no error. 386 U.S. at 739–40. The Court held that the procedure did "not comport with fair procedure and lack[ed] that equality that is required by the Fourteenth Amendment." *Id.* at 741. The Court then outlined procedures that would protect a defendant's constitutional right to appellate counsel:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time

---

[6] Although the parties agree that it was clearly established that *Anders* applies to of-right PCR proceedings, we must independently consider the issue. *See Amado v. Gonzalez*, 758 F.3d 1119, 1133 n.9 (9th Cir. 2014) ("[The court has] the obligation to apply the correct [AEDPA] standard, for the issue is non-waivable.").

allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 744.

In *Smith v. Robbins*, 528 U.S. 259 (2000), the Court clarified that "the *Anders* procedure is merely one method of satisfying the requirements of the Constitution for indigent criminal appeals." *Id.* at 276. "[T]he States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel." *Id.* at 265. A state's procedure is constitutionally adequate "so long as it reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." *Id.* at 276–77.

The Supreme Court has made clear that the trigger for *Anders* protections is "a previously established constitutional right to counsel." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When a state provides appellate review of criminal convictions, the constitutional "right to appointed counsel extends to the first appeal of right." *Id.*; *see Halbert v. Michigan*, 545 U.S. 605, 610 (2005) ("[T]he

Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals."); *Penson v. Ohio*, 488 U.S. 75, 79 (1988) ("Approximately a quarter of a century ago, in *Douglas v. California*, 372 U.S. 353 (1963), [the] Court recognized that the Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right." (parallel citation omitted)).

Arizona replaced direct appeals with an of-right PCR proceeding for pleading defendants in noncapital cases. Thus, "a Rule 32 proceeding is the only means available [to such pleading defendants] exercising the[ir] constitutional right to appellate review." *Montgomery v. Sheldon*, 889 P.2d 614, 616 (Ariz. 1995) (en banc), *superseded by statute as stated in State v. Smith*, 910 P.2d 1, 4 (Ariz. 1996) (en banc); *see also Summers v. Schriro*, 481 F.3d 710, 715–16 (9th Cir. 2007) ("Arizona courts have repeatedly characterized Rule 32 of-right proceedings as the functional equivalent of direct appeals . . . ."). Pleading defendants in noncapital cases therefore have a constitutional right to counsel in of-right PCR proceedings—their first appeal of right. *See Finley*, 481 U.S. at 555. And because they have a constitutional right to counsel, they also have the accompanying right to *Anders* protections. *See id.* ("*Anders* established a prophylactic framework that is relevant when, and only when, a litigant has a previously established constitutional right to counsel."). Thus, it was clearly established that *Anders* and its progeny apply to Arizona's of-right PCR proceedings.

## B

The State challenges the district court's determination that the Arizona Court of Appeals found *Anders* inapplicable

to of-right PCR proceedings.  Resolving this issue requires us to interpret the court of appeals's decision, which, as the district court pointed out, lacks clarity.  Our interpretation is guided by the presumption "that state courts know and follow the law," and accordingly, their decisions must be "given the benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).  Thus, if we can read the decision as finding *Anders* applies to of-right PCR proceedings, we must do so.  *See Mann v. Ryan*, 828 F.3d 1143, 1158 (9th Cir. 2016) (en banc) ("Under AEDPA, because we can read the decision to comport with clearly established federal law, we must do so.").

The court of appeals decision does not explicitly state whether *Anders* applies to of-right PCR proceedings.  *See generally Chavez*, 407 P.3d 85.  The court of appeals held that PCR courts need not conduct an "*Anders*-type review" or "*Anders* review."  *Id.* at 90, 91.  But it is unclear if the court used those terms to refer to *Anders* generally or as shorthand for the one aspect of the *Anders* procedure that Chavez focused on—an independent review of the record by the PCR court for arguable issues.  Thus, the court of appeals's decision can be interpreted two ways: either (1) *Anders* is inapplicable or (2) *Anders* applies, but PCR courts do not have to review the record for arguable issues.

Part of the court's decision supports the second interpretation.  The court of appeals stated that defendants in of-right PCR proceedings have a constitutional right to counsel.  *Id.* at 89 ("Arizona has granted defendants in of-right post-conviction proceedings the right to counsel, and the federal constitution guarantees defendants counsel in such proceedings . . . ." (citations omitted)).  That statement could be construed as an implicit acknowledgment that *Anders* applies because Supreme Court precedent (which we

must presume the court of appeals followed) clearly established that *Anders* applies when there is a constitutional right to counsel. *See Finley*, 481 U.S. at 555.

And we see nothing in the decision that plainly shows the court found *Anders* inapplicable. Chavez points to the court's statements that there is no requirement for PCR courts to perform an "*Anders*-type review" or "*Anders* review." But as we explained, those statements are ambiguous and could be interpreted different ways.

In short, the decision can be construed as finding *Anders* applicable and nothing clearly suggests otherwise. Because we must give the court of appeals the benefit of the doubt and presume that it followed the law, *Woodford*, 537 U.S. at 24, we must and do find that the Arizona Court of Appeals correctly found *Anders* applies to of-right PCR proceedings. We reverse the district court's contrary determination.

## C

The district court also erred in reviewing de novo whether Arizona's of-right PCR procedure is constitutionally adequate under *Anders*. The district court should have applied AEDPA deference. Applying AEDPA, the Arizona Court of Appeals's determination was not contrary to or an unreasonable application of clearly established law.

## 1

Chavez presented two arguments to the Arizona Court of Appeals in support of his *Anders* claim: (1) the PCR court needed to review the record for arguable issues under *Anders*, and (2) more generally, he had been denied *Anders* protections. The court of appeals explained why it rejected

the first argument. It found that Arizona Supreme Court precedent and the applicable rules precluded the argument that PCR courts must review the record for arguable issues. *Chavez*, 407 P.3d at 89, 90–91.[7]

The court, however, failed to explain why it rejected the broader argument that Chavez had been denied *Anders* protections. As Chavez has conceded, the argument was presented to the Arizona Court of Appeals, and nothing in its decision unambiguously shows that it declined to consider the argument or somehow avoided reaching it.[8] Indeed, after determining that *Anders* applied, the court had to first reject the argument that Chavez had been denied *Anders* protections before it could deny relief. Thus, because the court ultimately denied relief, we know that it rejected Chavez's argument that he had been denied *Anders* protections. But the court's reasons are unclear.

---

[7] We need not separately analyze this reason for the Arizona Court of Appeals's rejection of the *Anders* claim given our holding below that the court could have properly rejected the *Anders* claim by finding that Chavez had received adequate protections because Arizona's of-right PCR procedure satisfied *Anders* and its progeny.

[8] Chavez's only contention is that, because the court of appeals determined *Anders* was inapplicable, it never decided whether he had been denied *Anders* protections. His argument is unavailing, as we have determined that the court of appeals found *Anders* applied. Chavez makes no argument that the court overlooked his argument. Even if he had, it would have been unavailing, given that we must give the state court the benefit of the doubt, *Woodford*, 537 U.S. at 24, and parts of its decision could suggest that it considered the argument and ultimately rejected it by denying relief. *See, e.g.*, *Chavez*, 407 P.3d at 89 (discussing the relevant federal standards for determining whether a state's procedure is constitutionally adequate under *Anders*); *id.* at 88 (noting that it was "[i]mportant[]" that counsel does not withdraw from representing the defendant under Arizona's procedure).

In an analogous circumstance, where the state court's reasons for rejecting a claim were unclear, we elected to treat the state court's determination as if it were unaccompanied by reasons and applied the standard in *Harrington v. Richter*, 562 U.S. 86 (2011). *See Cannedy v. Adams*, 706 F.3d 1148, 1162 n.7 (9th Cir. 2013) ("Because the state court of appeal's reasons for rejecting Petitioner's claim of prejudice are unclear, we have elected to treat the state court's prejudice determination as if it were unaccompanied by an explanation. Accordingly, we apply the stringent standard imposed by *Richter* and ask whether there is 'any reasonable argument' that Petitioner was not prejudiced by counsel's deficient performance." (quoting *Richter*, 562 U.S. at 105)).

Given the ambiguity in the court of appeals's decision, the district court should have followed our approach in *Cannedy* by first "determin[ing] what arguments or theories . . . could have supported" the court of appeals's rejection of Chavez's argument that he had been denied *Anders* protections, and then giving AEDPA deference to those arguments. *Richter*, 562 U.S. at 102.

## 2

In denying relief, the Arizona Court of Appeals could have determined that Chavez had not been denied *Anders* protections because Arizona's existing of-right PCR procedure satisfied *Anders* and its progeny. Such a determination would not be contrary to or an unreasonable application of clearly established federal law.

As relevant here, a decision is contrary to clearly established federal law if it "reaches a result different than that reached by the Supreme Court *on materially indistinguishable facts*." *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018) (emphasis added). Chavez argues that

the procedure rejected in *Anders* is "virtually identical" to Arizona's of-right PCR procedure, and therefore, the court of appeals's determination was contrary to Supreme Court precedent. But Arizona's of-right PCR procedure differs in material ways from the procedure rejected in *Anders*.

In *Anders*, it was significant that, under California's procedure, neither counsel nor the court had to determine whether the appeal was frivolous or lacked arguable issues; instead, California required only a determination that the defendant was unlikely to prevail on appeal. *See Smith*, 528 U.S. at 279–80. Another significant problem was that counsel was allowed to withdraw, leaving the court to decide the appeal without counsel. *See id.* at 280. These key defects, along with other problems, rendered California's procedure in *Anders* constitutionally inadequate.

Arizona's of-right PCR procedure does not suffer from the same defects. Arizona requires counsel to determine whether there are any "colorable claims." Ariz. R. Crim. P. 32.4(c)(2); *Colorable*, Black's Law Dictionary (11th ed. 2019) (defining "colorable" as "appearing to be true, valid, or right"). Thus, unlike the procedure in *Anders*, Arizona requires counsel to identify any issues that could appear to be valid. Arizona also does not permit counsel to withdraw. Counsel remains in an advisory capacity until the PCR court's final determination, and, in that capacity, counsel remains available to defendant and the PCR court to brief viable issues. *See* Ariz. R. Crim. P. 32.4(c)(2); *Lammie*, 915 P.2d at 663. These differences make *Anders* materially distinguishable. For that reason, the Arizona Court of Appeals's rejection of the *Anders* claim was not contrary to clearly established federal law.

Turning to the "unreasonable application" inquiry, our review is highly deferential. Under AEDPA's

"unreasonable application" clause, "the state court decision [must] be more than incorrect or erroneous"; it "must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). To conclude that the state court decision was objectively unreasonable, we must find that "no fairminded jurist could agree with the state court's" decision. *Davis v. Ayala*, 576 U.S. 257, 277 (2015). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. In addition, we must give the court of appeals's determination even "more leeway," *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004), because the applicable rule announced in *Smith* is very general. *See Smith*, 528 U.S. at 276–77 ("A State's procedure provides [constitutionally adequate appellate] review so long as it reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal."); *id.* at 265 ("States are free to adopt different procedures, so long as those procedures adequately safeguard a defendant's right to appellate counsel."); *id.* at 273 ("States [have] wide discretion, subject to the minimum requirements of the Fourteenth Amendment, to experiment with solutions to difficult problems of policy."). "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664.

Viewing the Arizona Court of Appeals's decision through this extremely deferential lens, we cannot conclude that its decision was an unreasonable application of clearly established federal law. Under *Smith*, fairminded jurists could disagree over whether Arizona's of-right PCR procedure satisfies *Anders* and its progeny.

In *Smith*, the Supreme Court made clear that states need not adopt any specific procedures to satisfy *Anders*. 528 U.S. at 275–76. The Court also announced a new rule to determine whether a state's procedure satisfies *Anders*: a procedure is sufficient "so long as it reasonably ensures that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." *Id.* at 276–77. In deciding whether California's new procedure met this standard, the *Smith* Court compared California's new procedure to procedures it had found inadequate. *Id.* at 279–81.

The Court identified four deficiencies that had supported its prior rejection of procedures: (1) neither counsel nor the court had to determine whether the appeal was frivolous or lacked arguable issues; (2) counsel was allowed to withdraw before the court decided the appeal, and the court was allowed to decide the appeal without counsel even if it found arguable issues; (3) counsel provided only a "bare conclusion" that he had reviewed the trial transcript and that the appeal had no merit; and (4) there was only one tier of review, either by the judge or counsel. *Id.* The Court found that California's new procedure "far exceed[ed] those procedures that [it] ha[d] found invalid," as it did not suffer from any of those deficiencies. *Id.* at 281. The Court ultimately held that California's new procedure "reasonably ensure[d] that an indigent's appeal will be resolved in a way that is related to the merit of that appeal." *Id.* at 278–79.

Under *Smith*, a fairminded jurist could conclude that Arizona's of-right PCR procedure reasonably ensures that the appeal will be resolved on the merits. Arizona's procedure suffers from two of the deficiencies identified in *Smith*—counsel files a "bare conclusion," and there is only one tier of review by counsel to identify any colorable issues. But *Smith* held that states need not adopt any specific

procedures, so the deficiencies are not fatal. *Id.* at 275–76. Arizona's procedure is better than those the Court has rejected in two material respects: Arizona requires counsel to identify any valid claims and counsel may not withdraw but must remain available to brief any viable issues. *See* Ariz. R. Crim. P. 32.4(c)(2). These protections help to ensure that an appeal will be resolved on the merits.[9]

A judge could also reasonably conclude that such procedures, although not as robust as those upheld by the Court, are sufficient given the differences between of-right PCR proceedings and appeals from trials. "The record in non-capital plea cases is typically short and uncomplicated," and "there is less likelihood of error when a defendant voluntarily pleads guilty." *Montgomery v. Sheldon*, 893 P.2d 1281, 1282 n.1, 1283 (Ariz. 1995) (en banc), *superseded by statute as stated in Smith*, 910 P.2d at 4; *see also Chavez*, 407 P.3d at 90 (noting that in of-right PCR proceedings the record is "necessarily truncated because of the guilty plea" and that pleading defendants waive several rights by pleading guilty).

At the very least, then, Arizona's procedure falls somewhere in the gray area between those the Court has found adequate and those it has found invalid. And of-right PCR proceedings present circumstances which could reasonably justify a departure from the procedures found adequate by the Court. For these reasons, it is "not beyond

---

[9] The issue before us—whether under *Smith*, a fairminded jurist could reasonably conclude that Arizona's of-right PCR procedure as a whole reasonably ensures that the appeal will be resolved on the merits—does not require us to determine the minimum actions appellate counsel must take to satisfy *Anders*. Thus, nothing in our opinion should be construed as a determination that PCR counsel's actions here alone could satisfy *Anders* and its progeny.

the realm of possibility that a fairminded jurist could conclude," *Woods v. Etherton*, 578 U.S. 113, 118 (2016), that Arizona's procedure reasonably ensures that an of-right PCR proceeding will be resolved on the merits. Even if this were a close issue, the considerable leeway we must give the state court would compel us to reach the same result. *See Yarborough*, 541 U.S. at 664. We therefore hold that the Arizona Court of Appeals did not unreasonably apply clearly established federal law, as it could have reasonably determined that Arizona's of-right PCR procedure satisfied *Anders* and its progeny.

## IV

The district court erred in determining that the Arizona Court of Appeals found *Anders* inapplicable to of-right PCR proceedings, and in reviewing de novo whether Arizona's procedure satisfied *Anders*. Giving the Arizona Court of Appeals the proper AEDPA deference, its determination was not contrary to or an unreasonable application of Supreme Court precedent. We therefore reverse the district court's grant of conditional habeas relief.

**REVERSED.**