NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL ISIDORO SANCHEZ, | No. 21-15632 |
| Petitioner-Appellee, | D.C. No. 4:17-cv-00224-RM |
| v. | |
| DAVID SHINN, Director of the Arizona Department of Corrections; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM* |
| Respondents-Appellants. | |

| | |
|---|---|
| MICHAEL ISIDORO SANCHEZ, | No. 21-16940 |
| Petitioner-Appellant, | D.C. No. 4:17-cv-00224-RM |
| v. | |
| DAVID SHINN, Director, Director of the Arizona Department of Corrections; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 18, 2023
Phoenix, Arizona

Before: OWENS and BADE, Circuit Judges, and BAKER,[**] International Trade Judge.

In this habeas action, David Shinn, in his capacity as the Director of the Arizona Department of Corrections, timely appeals the district court's order holding that the state's post-conviction relief (PCR) procedures for pleading defendants are unconstitutional under *Anders v. California*, 386 U.S. 738 (1967). Michael Sanchez timely cross-appeals the denial of his motion seeking immediate release. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

In state trial court, Sanchez pleaded guilty to one count of sexual contact with a minor and one count of attempted sexual contact with a minor. The court accepted his plea and sentenced him to prison accordingly. After his guilty plea and conviction, Sanchez filed three separate PCR proceedings under Arizona Rule of Criminal Procedure 32.4. In each of these proceedings, the court appointed separate PCR counsel, and each appointed counsel found that there were no colorable claims for relief and then remained in an advisory capacity only. In the first and second PCR proceedings, Sanchez filed a pro se petition. The state trial and appellate courts rejected his claims. In his third PCR proceeding, rather than

---

[**]     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

filing a pro se petition, Sanchez moved for appointment of new PCR counsel and raised an *Anders* argument for the first time. He contended that his third PCR proceeding violated *Anders* because Rule 32 did not require the post-conviction court to independently review the record for error. The state trial court denied relief.

On appeal, Sanchez reiterated his *Anders* challenge to his third PCR proceeding. He additionally moved to supplement his petition for review and argued that both his first and second PCR proceedings also violated *Anders*. The state appellate court rejected his *Anders* challenge to his third PCR proceeding, reasoning that it had previously "determined *Anders* review is not required for pleading defendants" in *State v. Chavez*, 407 P.3d 85 (Ariz. Ct. App. 2017) (*Chavez I*)). The court did not, however, expressly address his *Anders* challenge to his first and second PCR proceedings.

Sanchez sought federal habeas relief in the district court, contending that the state trial court did not comply with *Anders* in his first PCR proceeding. The district court concluded that the Arizona appellate court erred in rejecting Sanchez's claim because of-right PCR petitions are the "functional equivalent of first appeals as of right, a federal constitutional right to counsel exists during such proceedings, and *Anders* safeguards are required." The district court granted a conditional writ ordering Sanchez's release unless he was permitted to file a new

3

PCR proceeding. Sanchez moved to convert the conditional writ to an unconditional writ on the theory that the state had a duty to initiate his PCR proceeding. The district court denied his motion. Sanchez appealed the district court's order denying the motion to convert, and Shinn appealed the order granting conditional habeas relief.

We review a district court's grant or denial of a petition for writ of habeas corpus *de novo*. *Jones v. Taylor*, 763 F.3d 1242, 1245 (9th Cir. 2014).

1. Shinn argues that Sanchez did not exhaust his *Anders* claim. But we conclude that Sanchez exhausted that claim by presenting it to the Arizona Court of Appeals, where he cited "federal or state case law"—*Anders*—"that engages in a federal constitutional analysis." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

Shinn further argues that Sanchez's *Anders* claim is procedurally defaulted because the state appellate court concluded that "Sanchez has not identified any claim raisable in this untimely and successive proceeding." Because the state court did not expressly base its *Anders* holding on a procedural rule, we construe it "as acting on the merits of [the] claim." *Chambers v. McDaniel*, 549 F.3d 1191, 1197 (9th Cir. 2008); *see also Harris v. Reed*, 489 U.S. 255, 263 (1989) (highlighting that a state court must "clearly and expressly state that its judgment rests on a state

4

procedural bar") (cleaned up). Thus, there is no procedural bar to our reaching Sanchez's *Anders* claim.

2. Although the state appellate court did not expressly address Sanchez's *Anders* claim as it applied to his first and second PCR proceedings and instead limited its discussion to his *Anders* challenge to his third PCR proceeding, we "presume that the [former] claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 301 (2013). Although "that presumption can in some limited circumstances be rebutted," *id.*, we do not think it has been rebutted here. Sanchez presented two similar *Anders* claims to the state appellate court, and "[t]he possibility that the [state appellate court] had simply overlooked [Sanchez's other *Anders* claims]" was not raised by either party. *Id.* at 306. Moreover, "the fact that [Sanchez's three *Anders*] claims are so similar makes it unlikely that the [state appellate court] decided one while overlooking the other[s]." *Id.* at 305.

3. The district court erred in concluding that the state appellate court ruled that *Anders* does not apply in PCR proceedings. The state appellate court followed *Chavez I,* which we held "correctly found *Anders* applies to of-right PCR proceedings." *Chavez v. Brnovich*, 42 F.4th 1091, 1099 (9th Cir. 2022) (*Chavez II*).

The district court further erred in not giving the required deference to the state appellate court decision under the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2254(d)(1) (providing that habeas relief may not be

5

granted to applicants detained under state law unless the state court's merits determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."). In *Chavez II*, the defendant similarly brought an *Anders* claim after filing a Rule 32 PCR petition. We held that *Chavez I* "did not unreasonably apply clearly established federal law, as it could have reasonably determined that Arizona's of-right PCR procedure satisfied *Anders* and its progeny." 42 F.4th at 1103. Because the state appellate court here followed *Chavez I*, we follow *Chavez II* and hold that the state appellate court could have reasonably determined that "Arizona's of-right PCR procedure satisfied *Anders* and its progeny." *Id.*

For these reasons, we reverse the district court's grant of conditional habeas relief. We also dismiss Sanchez's cross-appeal as moot.[1]

**In No. 21-15632, REVERSED. In No. 21-16940, DISMISSED as MOOT.**

---

[1] We grant Sanchez's motion (Dkt. No. 24) to take judicial notice of amendments related to Rule 32, and we deny Shinn's motion (Dkt. No. 34-1) to supplement the record as moot.

6