NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN DIAZ, | No. 21-55675 |
| Petitioner-Appellant, | D.C. No. 2:18-cv-09369-MCS-JEM |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Argued and Submitted January 13, 2025
Pasadena, California

Before: GOULD, BENNETT, and LEE, Circuit Judges.

Christian Diaz, a California prisoner, appeals from the district court's denial

of his habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and affirm.

We consider two claims: (1) whether the trial court violated Diaz's rights

under the Confrontation Clause of the Sixth Amendment by prohibiting cross-

examination of the arresting officers about an internal affairs investigation of their

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

use of force ("Confrontation Clause Claim"); and (2) whether trial counsel was ineffective by failing to object to the admission of testimony that Diaz's finger was on the trigger of the revolver ("IAC Claim").[1] Both claims relate to Diaz's retrial for assault with a firearm upon an officer, Cal. Penal Code § 245(d)(1), and are subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see Frye v. Broomfield*, 115 F.4th 1155, 1161 (9th Cir. 2024) (explaining that petitions filed after 1996 are subject to AEDPA). Thus, as relevant here, we may only grant relief if the California Supreme Court's application of Supreme Court precedent was "objectively unreasonable," meaning "no fairminded jurist could agree with the state court's decision." *Chavez v. Brnovich*, 42 F.4th 1091, 1101 (9th Cir. 2022) (quotation marks omitted) (quoting *Davis v. Ayala*, 576 U.S. 257, 277 (2015)). Because the California Supreme Court summarily denied the claims on the merits, we "must determine what theories could have supported [its] decision and ask whether reasonable jurists could disagree that those theories are inconsistent with Supreme Court precedent." *Frye*, 115 F.4th at 1162.

       1.     The California Supreme Court's rejection of the Confrontation Clause

---

[1] The certificate of appealability also included a due process claim related to the trial court's exclusion of the internal affairs investigation. *See* 28 U.S.C. § 2253(c)(1). But Diaz has forfeited such claim because he makes no distinct due process argument in his opening brief. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003) (noting the general rule of not considering matters on appeal that were not specifically and distinctly raised in the appellant's brief).

Claim was not objectively unreasonable. Based on the record, a fairminded jurist could find that the defense wanted to ask about the internal investigation *but only if* the results of the investigation (which favored the officers) were excluded. A fairminded jurist could then conclude that this approach would have resulted in significant prejudice outweighing any probative value, as the jury would have inferred that the officers had acted inappropriately by the mere fact of the investigation, *see Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986), and thus the exclusion was reasonable and there was no confrontation violation, *see Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits . . . based on concerns about, among other things, . . . prejudice [and] confusion of the issues . . . .").

The California Supreme Court could have also reasonably concluded that any confrontation violation was harmless beyond a reasonable doubt under the five factors outlined in *Delaware v. Van Arsdall*. *Id.* at 684. Even if the first and second factors—"the importance of the [officers'] testimony in the prosecution's case, [and] whether the [evidence about the internal affairs investigation would have been] cumulative," *id.*—favored Diaz, the California Supreme Court could have reasonably determined that those factors were outweighed by the remaining factors.

The State offered strong evidence corroborating the officers' testimony,

including Dr. Gelman's testimony that Diaz was high on methamphetamine, exhibited great strength, and was very violent when he was taken to the emergency room after the incident. In contrast, the evidence contradicting the officers' testimony, which mainly consisted of Diaz's sister's testimony, was weak. Given the strong corroborating evidence and weak contradicting evidence, the California Supreme Court could have reasonably found that the third factor—"the presence or absence of evidence corroborating or contradicting the testimony of the [officers] on material points," *id.*—supported a harmlessness determination.

The fourth factor is "the extent of cross-examination otherwise permitted." *Id.* Because the record shows that the defense extensively questioned the officers and explored various theories, the California Supreme Court could have reasonably found that this factor also supported a harmlessness determination.

The fifth factor is "the overall strength of the prosecution's case." *Id.* Because there was substantial evidence corroborating material parts of the officers' testimony, the California Supreme Court could have reasonably found that the prosecution's case was strong. Diaz's argument that his first trial resulted in a hung jury on the assault charge does not show that the State's second prosecution was weak. The State presented a stronger case in the second trial by, for example, calling Dr. Gelman, an unbiased witness who corroborated material parts of the officers' testimony.

4

Based on the above, and giving the state court the substantial leeway required under AEDPA, the California Supreme Court could have reasonably determined that, on balance, the *Van Arsdall* factors supported the conclusion that any confrontation violation was harmless beyond a reasonable doubt. Because the California Supreme Court could have reasonably determined that there was no confrontation violation and regardless, any violation was harmless, we affirm the district court's denial of the Confrontation Clause Claim.

2. The California Supreme Court's rejection of the IAC Claim was not objectively unreasonable under *Strickland v. Washington*, 466 U.S. 668 (1984). A fairminded jurist could conclude that Diaz's counsel was not deficient. *See id.* at 687. According to Diaz, his counsel should have made the same argument that proved successful in the first trial: that the admission of the "finger was on the trigger" testimony was unfair given the court's decision to exclude evidence of the internal investigation ("fairness objection"). But the trial court ruled that the testimony was relevant and thus admissible, and Diaz fails to argue that the trial court's determinations were wrong. Given this, the California Supreme Court could have reasonably determined that counsel was not deficient. *See United States v. Bosch*, 914 F.2d 1239, 1247 (9th Cir. 1990) ("In the absence of . . . a showing [that the evidence was not properly admissible], [counsel's] failure to object to the admission of the . . . evidence was not unreasonable . . . .").

5

The California Supreme Court could have also reasonably rejected the IAC Claim for lack of prejudice. *See Strickland*, 466 U.S. at 687. As the district court pointed out, "[t]he trial court knew that it had previously excluded the 'finger on the trigger' evidence, but it indicated that after hearing the evidence at the first trial, it had a better appreciation of its relevance"; it "was relevant to evaluate [Diaz]'s statement . . . 'I got a gun mother fucker,' because the statement would have been less grave if [Diaz] 'had an unloaded weapon finger not on the trigger.'" Diaz makes no argument that the trial court's relevance determination was wrong or that the court would have been persuaded by the fairness objection in light of its better appreciation of the evidence's relevance. In other words, even if his counsel had made the fairness objection, there is no reason to think that the trial court would have altered its ruling and excluded the testimony.

Additionally, even if the fairness objection had been successful and the court had excluded the testimony, the California Supreme Court could have reasonably determined that there was no reasonable probability that the outcome of the trial would have been different. *See id.* at 694. As noted by the district court, there was overwhelming evidence that Diaz pulled out the loaded revolver and pointed it at the officer in a threatening way.

Because the California Supreme Court could have reasonably rejected the IAC Claim on either *Strickland* prong, we affirm the district court's denial of the

6

IAC Claim.

**AFFIRMED.**